**Diane ROY, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 02–3335.

United States Court of Appeals, Federal Circuit.

Jan. 9, 2003.

Before BRYSON, GAJARSA and PROST, Circuit Judges.

PER CURIAM.

## DECISION

Petitioner Diane Roy appeals a final decision by the Merit Systems Protection Board, Docket No. DA–0841–02–0350–1–1, affirming a reconsideration decision of the Office of Personnel Management ("OPM") denying Ms. Roy's application for a survivor annuity under the Federal Employees Retirement System ("FERS"). Because the Board correctly determined that Ms. Roy was not entitled to a survivor annuity under FERS, we *affirm.*

## BACKGROUND

Ms. Roy was married to Kenneth M. Roy from 1989 until Mr. Roy's death on October 24, 2001. Mr. Roy was employed by the United States Department of Agriculture from January 1, 1996, until his death in 2001. Previously, Mr. Roy had served in the United States Army from January 27, 1976, through January 26, 1979. Upon Mr. Roy's death, Ms. Roy applied to OPM for survivor death benefits under FERS. OPM awarded her a basic employee death benefit and a lump sum reimbursement of her husband's retirement contributions, but it denied her application for a survivor annuity. Ms. Roy sought reconsideration of OPM's decision, which was denied. She then appealed OPM's decision to the Merit Systems Protection Board, which affirmed OPM's action. This appeal followed.

## DISCUSSION

The Board was correct in upholding OPM's decision denying Ms. Roy's request for a survivor annuity. In order for Ms. Roy to be eligible for a survivor annuity, Mr. Roy would have had to complete at least 10 years of creditable civilian service, or he would have had to be a retired annuitant at the time of his death. 5 U.S.C. § 8442. Neither criterion was satisfied in this case.[1]

1. In their respective decisions in this case, OPM and the Board referred to a third ground on which a survivor annuity could be granted: if the employee's death is accidental (even if the employee is not retired or has not completed at least 10 years of civilian service). We are unable to locate any statutory authority for payment of a survivor annuity based on accidental death, and the government has not cited us to any such authority. The only reference to accidental death that the government cites in its brief is to an inapposite regulation that pertains to the length of the employee's marriage, which is not at issue in this case. 5 C.F.R. § 843.303. Nothing in that regulation or the corresponding statutes, 5 U.S.C. §§ 8441(1), 8441(2), 8442(e), suggests that the survivor of an employee who does not have at least 10 years of civilian service or is not a retired annuitant would be eligible for an annuity under FERS simply because the employee's death was accidental. While the federal worker compensation statutes provide for a survivor annuity in certain circumstances when the employee's death "results from an injury sustained in the performance of duty," 5 U.S.C. § 8133, there

Ms. Roy argues that the Board should have considered her husband's veteran status when determining whether she is entitled to survivor death benefits under section 8442(b). However, payments from the federal employee retirement fund are limited to those authorized by statute; neither OPM nor the Board have the discretion to waive any statutory requirement because of veteran status. Further, even if Mr. Roy's military service could be added to his civilian service for purposes of computing his total civilian service, his total of less than nine years' service would still fall short of the ten-year statutory requirement. 5 U.S.C. § 8442(b). Accordingly, we discern no error in the Board's decision upholding the denial of a survivor annuity to Ms. Roy.

is no suggestion in this case that Mr. Roy's

death was work-related.